IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

KENITHA L. FERGUSON,

    Plaintiff,

v.                                               CIVIL ACTION NO. 1:18-00394

JENNIFER SAAD, Acting Warden,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted to the court his Findings and Recommendation ("PF&R") on August 21, 2018, in which he recommended that the district court deny the petitioner's petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241 (ECF No. 1), deny petitioner's "Motion for Declaration in Support of Entry of Default" (ECF No. 17), deny "Motion to Request a Mandatory Injunction Under the Irreparable Doctrine for Harm" (ECF No. 20), and remove this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge

Aboulhosn's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

## I. Underlying Petition

This action arises out the petitioner's pro se petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] Pending before the court are the following: (1) Petitioner's Application for Writ of Habeas Corpus by a person in Federal Custody under 28 U.S.C. § 2241 (ECF No. 1); (2) Petitioner's "Motion for Declaration in Support of Entry of Default" (ECF No. 17); and (3) Petitioner's "Motion to Request Mandatory Injunction Under the Irreparable Doctrine for Harm" (ECF No. 20).

## II. Discussion[2]

### a. Failure to Exhaust

The magistrate judge found that the petitioner is not excused from exhausting her administrative remedies based upon futility or irreparable harm. (ECF NO. 29, p. 14).

In her objections, the petitioner argues that:

> pursing the administrative remedies would have been futile in my situation because, inter alia, the average time for a full course of remedies to complete

---

[1] Petitioner is serving an 18-month term of imprisonment imposed by the United States District Court for the Southern District of Ohio for Conspiracy to Defraud the United States.
[2] The petitioner made no objections to the magistrate judge's finding regarding the petitioner's Motion for Default.

2

>takes anywhere form [sic] 6-12+ months. This meaning it provided no genuine opportunity for adequate relief in this case because I am seeking immediate release or transfer to Home Confinement.

(ECF NO. 32, p. 1). In her objections the petitioner concedes that she has not exhausted her administrative remedies. <u>Id.</u> The petitioner claims, however, that if she went through the administrative process her request would be futile. <u>Id.</u>

Although 28 U.S.C. § 2241 does not specifically require exhaustion, courts have generally required exhaustion of available administrative remedies. <u>Pelissero v. Thompson</u>, 170 F.3d 442, 445 (4th Cir. 1999). It is recognized that exhaustion may be excused under certain circumstances, such as by showing futility or irreparable harm. District Courts have continuously found, however, that exhaustion should not be excused on the basis that an inmate believes that the length of the exhaustion process will prevent the inmate from receiving a full RRC placement. <u>See</u> <u>Wright v. Warden</u>, 2010 WL 1258181, * 1 (D. Md. Mar. 24, 2010)(slip copy)(finding that "[e]haustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals before the 12-month pre-release mark"); <u>see</u> <u>also</u> <u>Yannucci v. Stansberry</u>, 2009 WL 2421546, * 3 (E.D. Va. Jul. 28, 2009)(slip copy)(finding that inmate's claim that "he ran out of time to complete the administrative exhaustion process prior to

3

filing his petition is not a sufficient excuse for failing to exhaust his [RRC] claims"); and Garrison v. Stansberry, 2009 WL 1160115, * 3 (E.D. Va. Apr. 29, 2009)(slip copy)(explaining that granting review of RRC placement claims because of "time-sensitivity" would encourage the filing of similar petitions before the administrative remedy process has run its course, which would "both undermine the effectiveness of the administrative review process and burden the Court with superfluous claims").

The court agrees with the finding of the magistrate judge (ECF NO. 29) and finds that the petitioner is not excused from exhausting her administrative remedies. Therefore, the petitioner's Petition is dismissed on this basis.

  b. Application of 18 U.S.C. §§ 3621(b) and 3624(c)

The magistrate judge found that, disregarding the petitioner's failure to exhaust her administrative remedies, her petition must be dismissed because the BOP considered how much time was appropriate for her to be designated to RRC placement on an individual basis and considered Section 3621(b)'s five factors.

In the petitioner's objections, she contends that the BOP did not act in good faith when considering her to spend "the last 10% of her sentence on home confinement." (ECF No. 32, p. 2). The petitioner further argues that the BOP failed to

4

consider that placing her in home confinement would provide her with the greatest likelihood of successful reintegration into the community. Id. The petitioner contends that the BOP staff is intentionally and purposefully discriminating against her by not allowing her to be placed on home confinement. Id. Furthermore, the petitioner states, "she was not released on 9/13/2018 to her RRC because of no bed space but how did they give her date to begin with insulating [sic] that she had a bed space on that date." Id. The petitioner further states that "[t]he BOP staff at Alderson Federal Prison Camp account the availability of resources, 18 U.S.C. [sic] 3621(b), and they didn't even both to accommodate Plaintiff before her Max GCT Date." Id.

As detailed by the magistrate judge, pursuant to 18 U.S.C. § 3621(b), the BOP has the authority to designate a prisoner's place of imprisonment. Section 3621(b) provides five factors to be considered by the BOP in determining a prisoner's placement: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristic of the prisoner' (4) any statement by the court that imposed the sentence – (a) concerning the purpose for which the sentence to imprisonment was determined to be warranted; or (b) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by

5

the Sentencing Commission pursuant to section 994(a)(2) and Title 28.  18 U.S.C. § 3621(b).

Title 18 U.S.C. § 3624(c) provides that a prisoner may be granted pre-release custody allowing a prisoner to serve a portion of her sentence in the community, such as home confinement, placement in a community correctional facility, or RRC. See 18 U.S.C. § 3624.  Section 3624(c)(1) governs pre-release placements. As amended by the Second Chance Act of 2007, Section 3624(c) provides as follows:

> (1) In general. - - The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> (2) Home confinement authority. - - The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

The Second Chance Act required that the BOP issue new regulations designed to ensure that prerelease placements are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community."  18 U.S.C. § 3624(c)(6).

In compliance with the above, the BOP adopted regulations set forth in 28 C.F.R. § 570.20 - .22. Section 570.21 provides that a prisoner's maximum allowable time in an RRC placement is 12 months. See 28 C.F.R. § 570.21. Section 520.21 further provides that a prisoner's maximum allowable time in home confinement is "the shorter of ten percent of the inmate's term of imprisonment or six months." Id. The regulations, however, do not set any minimum amount of time that a prisoner must spend at an RRC placement or home confinement. Section 520.22 requires the BOP to make pre-release community confinement decisions "on an individual basis" and to allow placement "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." See 28 C.F.R. § 570.22. Furthermore, the 12-month period is a statutory maximum and it is not mandatory that prisoners receive 12-months pre-release placement. See 18 U.S.C. § 3624(c); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 251 (4th Cir. 2005) (stating that "the BOP may assign a prisoner to [an RRC placement] does not mean that it must").

Here, the court agrees with the magistrate judge that the petitioner has appropriately been considered for pre-release placement pursuant to Section 3621(b). See ECF No. 29. Based upon the five factors set forth in 18 U.S.C. § 3621(b), the BOP determined that a 121-150 day RRC placement would satisfy

7

petitioner's release needs.  The respondent explained that the petitioner was originally granted her recommended placement. After the petitioner was found to have committed a Prohibited Act and lost Good Conduct Time, however, her RRC date was changed to September 13, 2018.  There is no evidence that the BOP abused its discretion in making its determination of what was the best placement for the petitioner.  There is also no evidence that the BOP has discriminated against the petitioner in making its determination, as is alleged by her.  Thus, the court adopts the magistrate judge's findings and denies the petitioner's Motion for Mandatory Injunction (ECF No. 20).

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

### III. Conclusion

For the forgoing reasons, the court hereby **DENIES** petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241 (ECF NO. 1); **DENIES** petitioner's Motion for Declaration in Support of Entry of Default (ECF NO. 17); and **DENIES** petitioner's Motion to request a Mandatory Injunction Under the Irreparable Doctrine for Harm (ECF NO. 20), and removes this matter from the court's docket.

The Clerk is directed to send copies of this Order to petitioner pro se and all counsel of record.

**IT IS SO ORDERED** this 28th day of March, 2019.

**ENTER:**

David A. Faber
Senior United States District Judge